UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D
APR 21 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-163-GWU

VETTA J. BIGGS,                                                              PLAINTIFF,

VS.                           MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of her application for Supplemental Security Income (SSI). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

Biggs

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged

3

pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's

6

physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Vetta J. Biggs, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of degenerative disc disease, a history of migraine headaches, a hiatal hernia with gastroesophageal reflux disease, and a generalized anxiety disorder. (Tr. 18). Nevertheless, based in part on the testimony of a vocational expert (VE), the ALJ determined that the plaintiff retained the residual functional capacity to perform a significant number of jobs existing in the economy, and therefore was not entitled to benefits. (Tr. 20-3). The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ had asked the VE whether a person of the plaintiff's age of 52, ninth grade education, and prior work history could perform any jobs if she could lift 50 pounds occasionally and 25 pounds frequently, and also had the following non-exertional impairments. (Tr. 290). She: (1) could occasionally climb, stoop, and bend; (2) could perform simple, routine tasks, but would be restricted from jobs that required detailed instructions, or that would require much coordination or proximity to others; (3) would be restricted to jobs that required minimal interaction with the general public, and that required few changes in the work setting; and (4) might miss work or be tardy one day a month, and, occasionally, two days a month. (Id.). With these restrictions, the VE testified that

there were jobs that such a person could perform at the medium level, and proceeded to give the numbers in which they existed in the state and national economies. (Id.).

On appeal, this Court must determine whether the hypothetical factors are supported by substantial evidence, and that they fairly depict the plaintiff's condition.

In his decision, the ALJ stated that he had "largely based the claimant's residual functional capacity on the opinions of state agency medical/psychological consultants who examined her records at the initial and reconsideration levels and that of consultative examiner [Dr. Monte Edward] Martin" and that opposing counsel had offered no compelling evidence to persuade him otherwise. (Tr. 20). An examination of the reports of the "state agency medical consultants," however, shows that one of the physical residual functional capacity assessments is both unsigned and undated (Tr. 201-8), and the other, while signed, appears to have been prepared by a state agency "disability examiner" who was not a physician (Tr. 50, 193-200). Since the reports are not signed by "acceptable medical sources" under the Commissioner's regulations, 20 C.F.R. Section 416.913, they do not provide substantial evidence to support the hypothetical factors.

The one remaining report cited by the ALJ in support of his residual functional capacity findings was the opinion of a one-time examining physician, Dr. Monte Edward Martin, who examined the plaintiff on June 19, 2004. (Tr. 228). Dr. Martin indicated that the plaintiff gave a confusing history of chronic back pain, and

8

reviewed a prior report from March, 2003 by Dr. Hughes Helm, which contained a reference to radiological evidence of grade one spondylolisthesis at L5-S1, and herniated discs at L4-5, and L5-S1, along with degenerative disc disease at the same levels. (Id.). Dr. Martin noted the plaintiff's complaint of chronic back pain with movement or exertion, but found no tenderness on examination, and a normal grip strength, no reflex deficits, and intact sensation. (Tr. 229-30). There were reductions in the range of motion in both hips, and in forward flexion of the lumbosacral spine. (Tr. 230). Dr. Martin concluded that the plaintiff could lift 51 to 100 pounds occasionally, 11 to 50 pounds frequently, and 10 pounds continuously, could sit for six hours in an eight-hour day with rests, stand for four hours with rests, and walk for two hours with rests, could occasionally bend and squat, could frequently crawl, climb, and reach above shoulder level. (Tr. 232). These restrictions are uncontradicted by any examining source, and reflect greater limitations in standing and walking than posited in the hypothetical question, as well as a limitation on squatting. Therefore, a remand will be required for additional vocational testimony on this point.

The plaintiff argues on appeal that the hypothetical mental factors did not reflect the limitations given by state agency Psychological Reviewer Dr. Jane Brake, which include a "moderately limited" ability to complete a normal work day and work week without interruptions from psychologically-based symptoms, and to perform at a consistent pace without an unreasonable number and length of rest periods. (Tr.

9

Biggs

190). Although the Commissioner suggests that the ALJ's evaluation of the plaintiff's daily activities shows that she was not limited in this category, the evidence also shows that she was fired from her last job (Tr. 149), and other than e-mailing her daughter and talking to one friend on the telephone, she avoided social contact (Tr. 152). An examining psychiatrist, Dr. Kevin Eggerman, had concluded that the plaintiff would have a "fair" ability to tolerate work-related stress and to relate to co-workers and supervisors, but added that the latter would be "negatively impacted" by her avoidant behaviors. (Tr. 154). The hypothetical question did not, therefore, properly represent the limitations found by the state agency experts, who were the only sources to list specific, defined restrictions.

The decision will be remanded for further consideration of the factors outlined in this opinion.

This the 21 day of April, 2006.

G. WIX UNTHANK
SENIOR JUDGE